**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TY ALPER**<br> 346 North Addition<br>Berkeley, CA 94720,<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

(1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552;

and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Plaintiff seeks injunctive

and declaratory relief to compel defendant Department of Justice to disclose requested records.

### Jurisdiction and Venue

(2) This court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.  Venue lies in

this district under 5 U.S.C. § 552(a)(4)(B).

### The Parties

(3) Plaintiff Ty Alper is a resident of California.  He is a Clinical Professor of Law at

U.C. Berkeley School of Law, where he also serves as the Co-Director of the Berkeley Law

Clinical Program and the Co-Director of the Berkeley Law Death Penalty Clinic.  The Death

Penalty Clinic faculty, working with clinical law students, represents indigent clients facing the

death penalty in multiple jurisdictions across the country.  Since 2002, plaintiff has represented

Toforest Johnson, who was convicted of capital murder and sentenced to death in Birmingham, Alabama in 1998. Plaintiff is a member of the District of Columbia, California, Alabama, and Georgia bars.

(4) Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government. The Federal Bureau of Investigation ("FBI") is a component of DOJ. Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

### Background

(5) Jefferson County Deputy Sheriff William G. Hardy was killed in the parking lot of the Crown Sterling Suites hotel in Birmingham, Alabama on July 19, 1995. Although the State presented no physical evidence or eyewitness connecting Toforest Johnson to the crime, and although Mr. Johnson has always maintained his innocence, he was convicted and sentenced to death for the murder of Deputy Hardy in 1998. The basis for his conviction was the testimony of one woman who claimed to overhear Mr. Johnson confess to the crime on a three-way phone call she was eavesdropping on.

(6) Yolanda Michelle Chambers (DOB November 20, 1979) was the original source of the allegation that implicated Mr. Johnson in Deputy Hardy's murder. Ms. Chambers testified at Mr. Johnson's trial, as well as at the trials of his co-defendant, Ardragus Ford. Ms. Chambers eventually admitted under oath to repeatedly lying to police and prosecutors. Ms. Chambers died on February 14, 2009.

(7) For nearly three decades, Mr. Johnson, through pro bono counsel, has litigated his appeals and post-conviction petitions in the state and federal courts. The case is a high-profile case that has been the subject of extensive local, national and even international media attention. A number of prominent Alabama former judges and prosecutors have publicly spoken out about

the need for a new trial in this case, including former Alabama Attorney General Bill Baxley, three former Alabama Chief Justices, several former Alabama governors, and former U.S. Senator Doug Jones.

(8) Most significantly, both the current elected District Attorney in Jefferson County and the original lead trial prosecutor have also publicly called for a new trial. The District Attorney filed a pleading in Jefferson County Circuit Court stating that "[t]he evidence in this case has unraveled over 20 years. . . . A thorough review and investigation of the entire case leaves no confidence in the integrity of Johnson's conviction. The interest of justice demands that Johnson be granted a new trial." However, the State of Alabama, represented by the Alabama Attorney General's Office, continues to defend Mr. Johnson's conviction and seek his death sentence.

### The Prior Related Litigation

(9) On June 25, 2024, plaintiff filed *Alper v. Department of Justice*, 24-cv-01837 (DLF) (D.D.C.) ("*Alper I*"), an action under FOIA against the same defendant seeking FBI records concerning the investigation of Deputy Hardy's murder and Mr. Johnson's case. In the course of that litigation, the FBI processed and released records concerning the investigation, including, in its most recent disclosure, a memorandum containing the FBI's assessment, prior to Mr. Johnson's trial, that it would be "highly unlikely" prosecutors could prove their case against Mr. Johnson beyond a reasonable doubt, and another memorandum referring to threats made by another man against Michael Ansley, a witness who was at the hotel the night Deputy Hardy was killed.

(10) On May 14, 2026, the Court granted in part and denied in part plaintiff's renewed motion for summary judgment and motion for partial reconsideration, ordering the FBI to disclose certain names redacted under FOIA Exemptions 6 and 7(C) in light of the substantial

3

public interest in records bearing on Mr. Johnson's innocence claim, and — while declining to reconsider its ruling that five documents were properly withheld under Exemption 5 — directing the FBI to file a supplemental declaration addressing in detail whether any non-privileged information in those documents was segregable. *Alper v. DOJ*, No. 24-cv-1837 (DLF), 2026 WL 1353821 (D.D.C. May 14, 2026). The FBI thereafter produced records in compliance with the Court's order and filed the supplemental declaration of Christina L. Driver, Acting Section Chief of the FBI's Record/Information Dissemination Section. On July 2, 2026, the Court found that the supplemental declaration adequately justified the Exemption 5 withholdings and the FBI's segregability determination, denied plaintiff's request for *in camera* review, and directed the Clerk to close the case. *Alper v. DOJ*, No. 24-cv-1837 (DLF) (D.D.C. July 2, 2026) (Mem. Op. and Order, ECF Nos. 38, 39). *Alper I* thus resolved all disputes concerning the Johnson case records. This action concerns a separate, later-submitted FOIA request — for records concerning Ms. Chambers — on which the FBI has never made a determination on the request within the meaning of 5 U.S.C. § 552(a)(6)(A); no withholding adjudicated in *Alper I* is at issue here.

### Plaintiff's FOIA Request and Request for Expedited Processing, and Defendant's Failure to Respond

(11) On December 6, 2024, plaintiff submitted a FOIA request to the FBI seeking all records and information related to Yolanda Michelle Chambers. Plaintiff also requested expedited processing and a waiver of fees. The FBI acknowledged receipt the same day and assigned the request FOIPA Request No. 1654938-000.

(12) By three letters dated December 18, 2024, the FBI's Record/Information Dissemination Section acknowledged that the request had been received for processing; denied plaintiff's request for a public-interest fee waiver; and denied plaintiff's request for expedited

processing under 28 C.F.R. § 16.5(e)(1)(iii) on the ground that plaintiff had "not provided enough information concerning the statutory requirements for expedition."

(13) On February 12, 2025, plaintiff submitted a letter appealing the FBI's fee determination and renewing his request for expedited processing. The letter noted that the FBI had granted expedited processing under the identical regulatory provision, and had recognized plaintiff's educational-institution fee status, in connection with plaintiff's FOIA request concerning Mr. Johnson, FOIPA Request No. 1609683-001. The FBI acknowledged receipt by email on February 13, 2025. After the service copy of the appeal was returned as undeliverable, plaintiff re-sent it by certified mail on March 21, 2025.

(14) Plaintiff requested expedited processing of the request under 28 C.F.R. § 16.5(e)(1)(iii), based on the loss of substantial due process rights — the same regulatory ground on which the FBI had granted expedited processing of plaintiff's earlier request concerning Mr. Johnson. The FBI initially denied expedited processing by letter dated December 18, 2024, stating only that plaintiff had "not provided enough information concerning the statutory requirements for expedition." Plaintiff appealed, and the Department's Office of Information Policy remanded the question to the FBI for further consideration. On June 26, 2025, the FBI again denied expedited processing, in a form letter offering the same single sentence of explanation and no engagement with plaintiff's detailed showing. The request has accordingly never been placed on an expedited track, and the FBI has instead estimated that it will complete action on the request approximately five and a half years after it was opened.

(15) On June 1, 2026, plaintiff requested a status update and estimated completion date. The FBI responded on June 2, 2026 only that the inquiry had been forwarded to the assigned analyst.

5

(16) More than eighteen months after plaintiff submitted the request, the FBI has produced no records and has made no determination on the request within the meaning of 5 U.S.C. § 552(a)(6)(A).  Plaintiff has therefore constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## CAUSES OF ACTION

### Violation of the Freedom of Information Act for Failure to Grant Expedited Processing

(17) Plaintiff repeats and realleges paragraphs 1-16.

(18) Plaintiff established his entitlement to expedited processing in his submissions to defendant.

(19)  Defendant has violated the FOIA by failing to grant expedited processing of plaintiff's FOIA request.  The FBI denied plaintiff's expedition request without legal justification.

(20) Plaintiff has exhausted the applicable administrative remedies with respect to defendant's failure to grant expedited processing of plaintiff's request.

(21) Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

(22) Plaintiff repeats and realleges paragraphs 1-16.

(23) Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA.

(24) Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request.

(25) Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

WHEREFORE, plaintiff prays that this Court:

1. order defendant to grant plaintiff's request for expedited processing and to process immediately the requested records in their entirety;

2. order defendant, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiff;

3. order defendant to waive all fees associated with the processing and release of the requested records;

4. award plaintiff his costs and reasonable attorney's fees incurred in this action; and

5. grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*